IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-1585-BNB

WILLIAM D. MCILLHARGEY,

    Plaintiff,

v.

MICHAEL MILLER, Warden,
PAUL PACHECO, Chief of Housing Management,
RICHARD SELMAN, Chief of Security,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, William D. McIllhargey, is in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility. He has filed a Prisoner Complaint alleging a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Mr. McIllhargey has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

    Mr. McIllhargey has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2011). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe the Prisoner Complaint liberally because Mr. McIllhargey is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the Court will dismiss the Complaint and this action.

      Mr. McIllhargey alleges in the Complaint that on January 19, 2011, his cell was shaken down by a correctional officer while Plaintiff and his cell mate were at work.  When Plaintiff returned to his cell, he discovered that his electric shaver/shaper was missing.  Mr. McIllhargey alleges that his cell was opened for another inmate, or that the correctional officer left the cell door unsecured.  Plaintiff filed a lost/stolen property claim form with his unit manager, but the claim and subsequent appeal were denied.  He then filed an administrative grievance, which was denied at all three levels of administrative review.  Approximately one month after the Step III grievance denial, Plaintiff's case manager advised him that he needed to refile his grievance again because the documents had been lost.   The refiled grievance was thereafter denied as untimely at all three steps of administrative review.  For relief, Mr. McIllhargey asks the Court to order the Defendants to replace his property, or to credit his inmate account in the amount of $42.00.

      To the extent Mr. McIllhargey asserts a claim against the Defendants for deprivation of his Fourteenth Amendment due process rights, his claim fails.   The United States Constitution guarantees due process when a person is deprived of life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ."  *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir.

1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy.  *See Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982).  If an administrative remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir.1991).  In order to overcome the presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." *Id.*; *see also Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy").  Mr. McIllhargey does not allege facts to show that the DOC grievance procedure was unresponsive or inadequate.  His allegation that his grievances were denied at all three levels of review is insufficient to show that the process was unavailable or inadequate.  *See Allen v. Reynolds*, No. 11-1266, 475 F. App'x 280, 283 (10th Cir. April 6, 2012) (unpublished).

Moreover, Mr. McIllhargey also has an adequate remedy available in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug.25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court.") (internal citations

3

omitted). Accordingly, the Court finds that Plaintiff fails to state an arguable Fourteenth Amendment due process claim against any of the Defendants.

In addition, prisoners are not protected under the Fourth Amendment from unreasonable searches of their prison cells or from the wrongful seizure of property contained in their cells because "the Fourth Amendment does not establish a right to privacy in prisoners' cells." *Rodriguez–Rodriguez v. United States*, No. 00-3064, 4 F. App'x 637, 639 (10th Cir. Feb. 14, 2001) (quoting *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir.1995) (citing *Hudson,* 458 U.S. at 522-30)). Because Plaintiff has failed to state an arguable claim for deprivation of his constitutional rights, the Prisoner Complaint will be dismissed as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. McIllhargey files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R.App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint [Doc. # 1] and this action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this ruling because Mr. McIllhargey has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied. Mr. McIllhargey may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  30th  day of   July  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court